43 F.3d 1486
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David COCKRELL, Jr., Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 94-3380.
 United States Court of Appeals, Federal Circuit.
 Dec. 12, 1994.
 
 Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 David Cockrell, Jr. (Mr. Cockrell) seeks review of the 12 January 1994 Initial Decision of the Administrative Judge (AJ) of the Merit System Protection Board (Board), Docket No. NY-0752-93-0545-I-1, affirming the decision of the Department of Veteran's Affairs (DVA or agency) to remove Mr. Cockrell from his position at the Franklin Delano Roosevelt Hospital (FDRH). The AJ's decision became the final decision of the Board on 9 May 1994. We affirm.
 
 DISCUSSION
 
 2
 When the incident at the root of the instant litigation occurred, Mr. Cockrell was working for the DVA as a Human Resources Clerk, GS-4, at the FDRH.
 
 
 3
 On 10 June 1993, Mr. Cockrell was working as a "floater" in Personnel Service and had been assigned to escort patients. In the afternoon on June 10, he met with Mr. George Blabac, Assistant Chief, Human Resources Management Service, to discuss Mr. Cockrell's assignment. Per Mr. Cockrell's request, he, Mr. Blabac, and Mr. Melvin R. Hooker, Chief, Human Resources Management Service, met in Mr. Hooker's office.
 
 
 4
 During that meeting, a scuffle ensued. The parties dispute the details of the scuffle. The AJ found that the following events occurred. Upon their arrival at Mr. Hooker's office, Mr. Blabac entered the office first. Mr. Cockrell entered and closed the office door. When Mr. Hooker questioned Mr. Cockrell about closing the door, Mr. Cockrell threatened Mr. Hooker. After being threatened, Mr. Hooker attempted to leave his office, but Mr. Cockrell blocked the door. Mr. Hooker then exited his office through a second door. Mr. Cockrell followed Mr. Hooker, while Mr. Blabac initially stayed behind and attempted to call the police.
 
 
 5
 Messrs. Cockrell and Hooker began to fight in the hallway. Mr. Cockrell pushed Mr. Hooker from behind and allegedly hit him on the back of the head. The blow knocked Mr. Hooker into an unoccupied office. When Mr. Blabac found them, Mr. Cockrell was seated on top of Mr. Hooker and was hitting him. After Mr. Blabac pulled Mr. Cockrell off Mr. Hooker, Messrs. Hooker and Blabac restrained Mr. Cockrell until security arrived.
 
 
 6
 Mr. Cockrell was charged with harassment in the second degree in the Criminal Court of the Town of Cortlandt, N.Y., on 21 June 1993. On 15 October 1993, Mr. Cockrell was convicted of the offense after a nonjury trial.
 
 
 7
 In the intervening period between the scuffle and the conviction, the DVA notified Mr. Cockrell of his proposed removal. In a letter dated 4 August 1993, Mr. John Grady, Associate Director of the DVA, informed Mr. Cockrell that the events of 10 June 1993 formed the basis for the proposed removal. On 27 August 1993, Mr. Lee J. Kauper, Director of the DVA, informed Mr. Cockrell that Mr. Cockrell's last day as an employee of the FDRH would be 11 September 1993. The DVA based the removal upon the following acts, which it cited as unacceptable conduct for a DVA employee:
 
 
 8
 (1) threatening to inflict bodily harm upon another DVA employee;
 
 
 9
 (2) intentionally physically assaulting another DVA employee;
 
 
 10
 (3) deliberately misrepresenting a material fact to obtain benefits that one would otherwise not be entitled to receive; and
 
 
 11
 (4) making false, malicious, and unfounded statements against FDRH management officials to damage their reputations and undermine their authority.
 
 
 12
 On 14 September 1993, Mr. Cockrell filed an appeal with the Board. After conducting hearings on 7 December 1993 and 28 December 1993, the AJ issued a decision on 12 January 1994, affirming the DVA's removal of Mr. Cockrell. In particular, the AJ sustained charges (2) and (3) above, holding that the DVA had proven the occurrence of these events by a preponderance of the evidence. Additionally, the AJ held that a nexus existed between the conduct and the efficiency of the service, and that removal was a reasonable penalty for the two sustained charges.
 
 
 13
 On 14 February 1994, Mr. Cockrell petitioned the full Board for review of the AJ's initial decision. The Board denied the petition on 9 May 1994.
 
 
 14
 Our review of Board decisions is defined and limited by statute. We must affirm the Board's decision unless it is:
 
 
 15
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 16
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 17
 (3) unsupported by substantial evidence.
 
 
 18
 5 U.S.C. Sec. 7703(c) (1988).
 
 
 19
 We have carefully considered each of Mr. Cockrell's many challenges to the Board's decision and each of his affirmative defenses. Since we find that the AJ made no error that would support a reversal of the Board's decision, we affirm.